**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

|  |  |
|---|---|
| **IN RE: LUMEN TECHNOLOGIES, INC. SECURITIES LITIGATION II** | **CIV. ACTION NO. 3:23-1290**<br><br>**JUDGE: TERRY A. DOUGHTY**<br>**MAG. JUDGE: KAYLA D. MCCLUSKY** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TAKE**
**JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Court-appointed lead plaintiff Michael Glauber and additional plaintiff John McLemore (collectively, "Plaintiffs") respectfully submit this Opposition to the Motion to Take Judicial Notice In Support of Defendants' Motion to Dismiss filed by Defendants Lumen Technologies, Inc. ("Lumen"), Kate Johnson, Chris Stansbury, Jeffrey K. Storey, and Indraneel Dev (collectively, with Lumen, "Defendants") on April 27, 2024 [Doc No. 38-2] (the "Judicial Notice Motion")

## INTRODUCTION

In the Judicial Notice Motion, Defendants request that the Court consider 37 separate exhibits under the doctrines of incorporation-by-reference and judicial notice in connection with their pending Motion to Dismiss to Dismiss Plaintiffs' Amended Class Action Complaint [Doc. No. 36] (the "Motion to Dismiss"). Plaintiffs do not object to fifteen of the exhibits (Exs. 3-8, 23, 25-31, 37) for the limited purpose of identifying what was said to the public (but not the truth matters stated therein). However, Plaintiffs object to the remaining twenty-two exhibits, which include a host of extraneous materials that are not referenced in the First Amended Class Action Complaint [Doc. No. 35] (the "AC"), irrelevant, do not contain noticeable facts, and are generally used to advance contested facts on a motion that is intended to test the sufficiency of the pleadings. Although the standard for a motion to dismiss requires the Court to accept all factual allegations in the complaint as true, Defendants seek to introduces a breadth of external evidence and opinion to advance alternative facts without the benefit of fulsome discovery. Defendants do not meet their burden that these exhibits are judicially noticeable under Federal Rule of Evidence ("FRE") 201 or otherwise properly before the Court on their Motion to Dismiss.

## LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Because such a motion tests the legal

sufficiency of those allegations, FRCP 12(d) states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Thus, as a general matter, the Court "must limit itself to the contents of the pleadings" on a motion under FRCP 12(b)(6). *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). There are two limited exceptions to this rule.

One of the limited exceptions is incorporation by reference. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Under this rule, the Court may consider documents attached to a motion to dismiss that are both "central to the claim *and* referenced by the complaint." *Collins*, 224 F.3d at 498-98 (emphasis added); *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F. 3d 383, 387 (5th Cir. 2010) (same). A document is "central" to a claim if it is "necessary to establish an element of one of the plaintiff's claims," *e.g.*, a contract in a breach of contract case. *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). However, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

Second, the court may take judicial notice of certain *facts* under FRE 201. Specifically, a court may take judicial notice of a fact to the extent it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). Thus, "Defendants cannot introduce disputed facts through judicial notice at the dismissal stage in a motion to dismiss." *Miller v. Stroman*, 2020 WL 2494576, at *3 (W.D. Tex. May 14, 2020). Judicial notice is reserved for "self-evident truth[s] that no reasonable person could question, a truism that approaches platitude or banality." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998). In addition, FRE 201 is limited to "adjudicative fact[s]." FRE 201(a). "Adjudicative facts are simply the facts of a

particular case." *Id.* (1972 advisory committee note). "An irrelevant fact could hardly be an adjudicative fact." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

A party requesting judicial notice bears the burden of providing all "necessary information" to show that the proffered fact satisfies FRE 201. Fed. R. Evid. 201(c)(2); *see also Luv n' care, Ltd. v. Jackel Int'l Ltd.*, 502 F. Supp. 3d 1106, 1108 (W.D. La. 2020) ("[T]he movant must identify the fact to be noticed, the purpose and relevance of that fact, and the source of indisputable accuracy for a fact that can be accurately and readily determined under Rule 201(b)(2).").

Applying this principle, the Fifth Circuit has held that, on a motion to dismiss in a case involving publicly traded securities, a court may consider public disclosure documents filed with the U.S. Securities and Exchange Commission ("SEC") but "only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996).

## ARGUMENT

### A.    Unopposed Exhibits – Exhibits 3-8, 23, 25-31, 37

Plaintiffs do not object to the Court's consideration of Defendants' Exhibits 3-8, 25-31, or 37. Defendants seek to introduce Lumen Technology's 2017 Form 10-K (Ex. 3), Q2 2023 Earnings Presentation (Ex. 4), May 19, 2021 Shareholder/Analyst Call Transcript (Ex. 5), and Form 10-Qs for Q1 2023 (Ex. 7), Q2 2023 (Ex. 6), and Q3 2023 (Ex. 8). In addition, Defendants seek to introduce a pamphlet from the EPA entitled *Protect Your Family from Lead in Your Home* (Ex. 37). Lastly, Defendants seek to introduce a series of news articles, including several from the Wall Street Journal (Ex. 25-29, 31) and one from Fierce Telecom (Ex. 30). Each of these documents was referenced in the Complaint, and Plaintiffs do not dispute their authenticity. Therefore, these documents are appropriate to demonstrate that the statements exist and are publicly available.

In addition, Plaintiffs do not object to the Court's consideration of Defendants' Exhibits 23. Defendants seek judicial notice for the fact that the CWA made public statement about a settlement with MNOSHA, based on an announcement posted on their website (Ex. 23). The fact of the announcement's publication can be considered by the Court because that fact can be accurately and readily determined and is not within dispute. Rule 210(b).

However, Exhibits 3-8, 23, 25-31, and 37 may only be considered by the Court for the narrow purpose of establishing what the statements said and when they were published, not the truth of the matter asserted. *Lovelace*, 78 F.3d at 1018 (judicial notice); *Red Rock Analytics, LLC v. Apple Inc.*, 2021 WL 5828368, at *5 (W.D. Tex. Dec. 8, 2021) (incorporation-by-reference). Plaintiffs do not object to these exhibits to the extent they are used for those limited purposes, rather than to prove the truth of the matters asserted therein.

### B.    Opposed Exhibits

#### 1.    Exhibits Fail to Meet the Standards of Incorporation by Reference – Exhibits 1, 14-15, 22

The Court should disregard Exhibits 1, 14-15, and 22 as improper attempts to assert incorporation-by-reference. First, Exhibits 14-15, and 22 are not referenced within the AC. Second, Exhibits 14-15 are irrelevant, as they do not support the contention for which they are offered. Third, Exhibits 1 and 14-15 are offered for the truth of the matter asserted, introducing facts beyond those pled in the AC. For these reasons, Exhibits 1, 14-15, and 22 are unfit subjects of incorporation-by-reference and should be given no weight.

*First*, Exhibits 14 is not even referenced within the AC – the most fundamental requirement of incorporation-by-reference. *See, e.g.*, *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1062 (C.D. Cal. 2012) (declining to incorporate-by-reference SEC filings not referenced by complaint). The AC references two presentations from previous EHSCP conferences. AC ¶ 135.

As pleaded in the AC, EHSCP is a private group, whose proceedings are generally closed to the public. *Id.* ¶ 128. Defendants assert that recent conference materials are available on the EHSCP website – a fact outside the Complaint – and, to support this factual assertion, cite Exhibit 14. Judicial Notice Motion at 5. However, Exhibit 14 is an "archived" website that lists the *agenda* for the 2010 International Telecommunications Conference that, in turn, purportedly *refers* to the presentation described in the AC (Ex. 14). The archived website itself is not a document referenced in the AC, and therefore is not a fit subject for incorporation-by-reference. Worse still, Exhibit 14 is not even a reference to the public website described by Defendants – instead, it is the result of an internet archive search. Rather than presenting the document referenced in the AC, they present an archived version of a document allegedly referencing the referenced documents.

Exhibit 22 also fails for not being referenced in the AC. Defendants seek to introduce a CWA memorandum on the MNOSHA settlement. To identify a reference as grounds for incorporation, Defendant directs the Court to "*see, e.g.,*" paragraph 151. Judicial Notice Motion at 5. However, the referenced paragraph describes the nine-item citation to CenturyLink issued by MNOSHA for serious violations of the OSHA Lead Standard. AC ¶ 151. The paragraph does not even *reference* the CWA, let alone the settlement described in the CWA's announcement or the fact that it was allegedly posted to a CWA website. *Id.* Defendants have failed to identify a reference to justify incorporating Exhibit 22 by reference, and therefore the Court should also decline to consider this document.

*Second*, Defendants attempt to bring irrelevant evidence under incorporation-by-reference. In addition to Exhibit 14, Defendants seek to introduce a presentation on managing lead exposure by John Malone (Ex. 15). However, Courts may decline to incorporate-by-reference documents that are not relevant to the issues for which they are offered. *See, e.g., N.L.R.B. v. Vista Del Sol*

*Health Servs., Inc.*, 40 F. Supp. 3d 1238, 1250 (C.D. Cal. 2014) (declining to incorporate document "irrelevant" to resolving jurisdictional issue). Exhibits 14 and 15 are offered as relevant to establish the fact (again, outside the pleadings) that presentations from recent conferences are posted to the EHSCP website.  Motion at 5 n. 2 (citing Ex. 14, 15). However, neither Exhibit is relevant to that assertion– as the Motion itself points out, Exhibit 14 purportedly has a "dead link" to content that shares the title of the presentation, with no guarantee that it ever worked or contained the information (rather than, say, a summary of the presentation or a sanitized excerpt, or nothing at all).  That Exhibit 15 may have been available for one day in the past in no way establishes that it was generally available to the public on the EHSCP's website, much less that *all* such presentations are available.  That Defendants must resort to an "archived" copy undermines that conclusion.  As these Exhibits fail to relate to a relevant issue, Exhibits 14 and 15 should be disregarded.

*Third*, Exhibits 1 and 14-15, although referenced by the Complaint, are proffered only for the purpose of introducing new, competing facts. In addition to Exhibits 14 and 15, Defendants seek to introduce Exhibit 1, Lumen's annual 10-K filing for 2022. Exhibit 1 is included in the Motion solely to introduce facts about the cables, employees, revenues, and brands that comprise Lumen. Motion at 3-4. Exhibits 14 and 15 are offered to allege that EHSCP had a regular practice of posting presentations from recent conferences, in contrast with the AC's well-pled fact that EHSCP conference presentations are "exclusive members-only content" provided by a "private group generally closed to the public." Motion at 5; AC ¶ 128. These references go beyond establishing the fact that a statement was made and instead introduce new facts beyond the complaint, which is inappropriate at this pleading stage. *See Red Rock Analytics*, 2021 WL 5828368, at *5. Because there is no valid purpose for seeking incorporation of these documents beyond introducing new, competing facts on a motion to dismiss, the Court should disregard them.

- 6 -

The Court should not incorporate-by-reference irrelevant or unreferenced documents, or consider documents simply to introduce new facts that conflict with the AC. For these reasons, Exhibits 1, 14-15, and 22 are unfit subjects of incorporation-by-reference.

### 2. Exhibits Fail to Meet the Standards of Judicial Notice – Exhibits Exhibits 1-2, 9-22, 24-36

Defendants apparently seek to introduce all exhibits under FRE 201, including all of the so-called "Category I" documents. However, Defendants fail to meet their burden to show that any *facts* contained therein meet the requirements of Rule 210(b). First, Defendants fail to provide the Court with the information required to evaluate whether the Category I documents are eligible for judicial notice. Second, for Exhibits 24 and 26, Defendants ask the court to judicially notice opinions, not adjudicative facts. Third, Exhibits 2, 10-13, and 16-21 are impermissibly offered for the truth of the matters asserted. Fourth, Exhibit 18 is not a matter of public record, and thus is not suitable for judicial notice. For these reasons, the Court should take no notice of Exhibits 1-2, 9-22, and 24-36.

*First*, as regards Category I statements, Defendants fail to meet their burden of explaining in the motion what facts are being noticed and for what purpose. *Luv n' care*, 502 F. Supp. 3d at 1108 ("[T]he movant must identify the fact to be noticed, the purpose and relevance of that fact, and the source of indisputable accuracy"). As discussed *supra* Section B.1., Exhibits 1-2, 14-15, and 22 fail to meet the requirements of incorporation-by-reference. However, although Defendants attempt to salvage those statements by asserting that these statements "are in all events properly subject to judicial notice for the same reasons set below," Defendants do not cite what facts Category I statements are offered for or how they meet the requirements of Rule 210(b). *See* Judicial Notice Motion at 5-6. Thus, the Court should not save Exhibits 1, 14-15, 22, and 25-31 through Judicial Notice where the Defendants have not articulated valid grounds.

- 7 -

*Second*, Defendants use Exhibits to introduce opinion, not facts that "cannot reasonably be questioned." Rule 210(b)(2). Defendants seek to introduce a blog post from the website Real Clear Health (Ex. 24) and a letter accompanying a subpoena written by AT&T's outside counsel (Ex. 36). Exhibits 24 and 36 are offered for no purpose other than to lodge subjective criticisms of the *Wall Street Journal* corrective disclosure pled in the AC. *See In re W. Co. of N. Am.*, 123 B.R. 546, 548 (N.D. Tex. 1991) ("Judicial notice of personal, subjective beliefs is improper."). Although the Judicial Notice Motion states that Exhibit 24 is for the limited purpose of establishing that there is debate over the merits of the *Wall Street Journal* article (Judicial Notice Motion at 9), the Motion to Dismiss actually cites the article to quote its characterizations of the article "flawed" and "very low quality." Motion at 10 n. 6. Tellingly, the Motion to Dismiss does not credit who authored the article or any underlying facts but contains an extended quotation of criticism from the post. Motion at 10 n. 6. Plaintiffs vigorously dispute these baseless characterizations.

Even more egregiously, Exhibit 36 seeks to introduce the opinion *of another telecommunications company sued over lead-clad cables* simply for the purpose of criticizing the same article. *See* Motion to Dismiss at 9 n. 6. Again, the Motion to Dismiss merely uses this exhibit to pull quotes describing the article as "sensationalist" and unsupported by science. *Id*. Opinions drafted by a lawyer are not "facts" subject to judicial notice. *Hall v. Louisiana*, 2015 WL 1383532, at *4 (M.D. La. Mar. 23, 2015) (opinions of Attorney General's office are not "facts"); *Elnenaey v. Fid. Mgmt. Tr. Co., Inc.*, 2019 WL 11499344, at *1 (M.D. Fla. July 31, 2019), *aff'd*, 829 F. App'x 482 (11th Cir. 2020) (declining to take judicial notice of "arguments, or legal conclusions advanced" within "records . . . from other judicial proceedings"). The Court should reject this brazen attempt for the Defendants to smuggle their own opinions about the *Wall Street Journal* article inside these biased opinion pieces.

- 8 -

In addition to these Exhibits, the Defendants also seek to inject opinion – not fact – through a series of analyst reports that provide alternate analysis of the stock declines after corrective disclosures. Defendants seek to introduce analyst reports from Reuters (Ex. 32), The Motley Fool (Ex. 33, 35), MarketWatch (Ex. 34). In addition, Defendants seek to introduce their own press release attached to the Q2 2023 8-K (Ex. 9). Exhibits 9, 32, 33, 34 and 35 are all proffered to dispute the well-pled allegations of the Complaint that the sharp stock declines were caused by revelations of the Defendants' exposure to lead-related liability. Motion to Dismiss at 11 n. 7. An opinion that speaks to the ultimate issue, disputed by both parties, is not a "fact . . . whose accuracy cannot reasonably be questioned," Rule 210(b), and therefore should be disregarded by the Court.

*Third*, Defendants use Exhibits 2 and 16-21 to prove the truth of the matter asserted and introduce competing facts in violation of Rule 210(b). Defendants seek to introduce Lumen's 2024 10-K (Ex. 2) to "confirm" that "the company 'had not accrued any such potential costs,'" which is a fact not pled within the AC. Motion at 29. This is an impermissible attempt to use the text of the exhibit to prove the matter asserted. *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996). Defendants also seek to introduce a number of documents denying the dangers of lead exposure, including a study of cable splicers (Ex. 16), one of soldering operators, (Ex. 17), standard Bell System Practices (Ex. 18), and three analyses of environmental impact of lead (Exs. 19, 20, 21). Where the AC cites numerous sources that lead is dangerous, AC ¶¶ 55-93 and therefore creates undisclosed risk of liability for Defendants, AC ¶¶ 382-87, Defendants offer these Exhibits to put forward an alternate narrative that lead is exposure is "rare" and "not . . . [a] hazard." Motion to Dismiss at 5-7. While Defendants are free to argue against the overwhelming scientific consensus that lead exposure is dangerous on summary judgment, at the pleading stage the Court must take the facts within the complaint to be true.

Similarly, as discussed above, Exhibits 9, 32, 33, 34, and 35 introduce new allegations that directly counter the AC's well-pled facts of loss causation, not to show that such filings and analyst reports were available. AC ¶¶ 414-18; Motion at 11 n. 7; *see Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 53 F. Supp. 3d 882, 910 n.79 (E.D. La. 2014) (denying judicial notice for Form 10-K's "factual determinations" of the implication of economic results, but "may only be considered for the purpose of determining what statements it contains, and not for proving the truth of its contents"). The Court should reject these exhibits as impermissible attempts to prove the truth of the matter asserted.

Furthermore, the Court should reject the inappropriate introduction of Exhibits 10-13 as establishing new facts beyond the limits set by the Fifth Circuit. Defendants seek to introduce Form 4s showing the stock trades of Kathleen Johnson (Ex. 10), Christopher Stanbury (Ex. 11), Jeffrey K. Storey (Ex. 12), and Indraneel Dev (Ex. 13). The Fifth Circuit created a narrow exception to the general rule of judicial notice, holding that new facts within Form 4s may be considered "for plausible explanations of potentially suspicious sales at the pleading stage" when they are "implicitly incorporated into a complaint." *Alaska Elec. Pension Fund v. Asar*, 768 F. App'x 175, 182 (5th Cir. 2019). But the AC *does not plead suspicious stock sales*. Thus, the court is not called upon to "weigh the plausibility of different explanations for the trades," and the exception does not apply. *Id*. at 183. Thus, the Form 4s can only be introduced to show that the information was available, not for the facts that were included. However, Defendants seek judicial notice for the truths asserted within the Form 4s: the amount of stock held by Defendants during the Class Period and the nature of stock sales, which is contested. Motion to Dismiss at 16, 16 n. 8. Nor are those matters apparent from the face of the documents. For this reason, Exhibits 10-13 should also be disregarded by the Court as an impermissible attempt to use additional

documents for the proof of the matters they assert.

*Fourth*, Defendants seek to introduce facts from Exhibits that are not public records. Exhibit 18 is alleged to be an internal standard of procedure issued by the Bell System, even though it clearly states on the first page that it is "Not for use or disclosure outside the Bell System except under written agreement." Ex. 18 at 1. Defendants make no reference to if, when, or how it would have become part of the public record, except an alteration to the document attributing it to an unknown website. Ex. 18 at 1. This does not meet Defendants' burden to establish that the document meets the standard of Rule 210(b).

## CONCLUSION

For all the foregoing reasons, the Court should decline to consider Exhibits 1-2, 9-22, 24, 32-37, and should limit any consideration of any Exhibit to the fact that statements were made and their contents, not the truth of matters asserted therein.

Dated:  June 25, 2024                                   Respectfully submitted,

O'BELL LAW FIRM, LLC                          POMERANTZ LLP

_/s/ Eric J. O'Bell_                                      _/s/ Justin D. D'Aloia_
Eric J. O'Bell (La. Bar #26693)            Jeremy A. Lieberman (admitted _pro hac vice_)
3500 North Hullen Street                      Justin D. D'Aloia (admitted _pro hac vice_)
Metairie, Louisiana  70002                    600 Third Avenue, 20th Floor
Telephone: (504) 456-8677                   New York, New York 10016
Facsimile: (504) 456-8653                     Telephone: (212) 661-1100
ejo@obelllawfirm.com                          Facsimile: (917) 463-1044
                                                            jalieberman@pomlaw.com
_Counsel for Plaintiffs and Liaison Counsel for_   jdaloia@pomlaw.com
_the Class_

                                                            _Counsel for Plaintiffs and Lead Counsel for the_
                                                            _Class_