**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| In re: LUMEN TECHNOLOGIES, INC. SECURITIES LITIGATION II | Case No. 3:23-cv-01290-TAD-KDM<br><br>Judge: Terry A. Doughty<br><br>Magistrate Judge: Kayla D. McClusky |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

**MAY IT PLEASE THE COURT:**

Defendants Lumen Technologies, Inc. ("Lumen") and Kate Johnson, Chris Stansbury, Jeffrey K. Storey, and Indraneel Dev (the "Individual Defendants" and, together with Lumen, "Defendants") submit this memorandum in opposition to Plaintiffs' Motion to Strike (ECF No. 46) (the "Motion to Strike"), which asks the Court to strike Defendants' Motion to Take Judicial Notice in Support of Defendants' Motion to Dismiss (ECF No. 38) (the "Judicial Notice Motion"), certain of the documents addressed therein, and four appendices (ECF No. 36-1) (the "Appendices") attached to Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 36) (the "Motion to Dismiss").  For the reasons set forth below, the Court should deny Plaintiffs' Motion to Strike.

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 1

BACKGROUND .............................................................................................................. 3

ARGUMENT .................................................................................................................... 5

I.    Defendants' Judicial Notice Motion And The Exhibits Addressed Therein Are Properly Before The Court.......................................................................................... 5

    A.    Defendants' Judicial Notice Motion was timely......................................... 5

    B.    Even if the Judicial Notice Motion had been late, striking it would be unwarranted because Plaintiffs claim no prejudice ................................... 9

    C.    Plaintiffs' request to strike certain of the documents addressed in the Judicial Notice Motion is inapposite........................................................ 11

II.   Defendants' Appendices Do Not Violate The Court's Page-Limit Requirements ........... 12

CONCLUSION............................................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**                                      **Page(s)**

*Abene v. Jaybar, LLC,*
    802 F. Supp. 2d 716 (E.D. La. 2011) ........................................................................9

*In re Acadia Pharms. Inc. Sec. Litig.,*
    2020 WL 2838686 (S.D. Cal. June 1, 2020) ....................................................15, 16

*In re Apache Corp.,*
    2022 WL 4277350 (S.D. Tex. Sept. 15, 2022) ........................................................15

*In re AppHarvest Sec. Litig.,*
    684 F. Supp. 3d 201 (S.D.N.Y. 2023) .....................................................................12

*Atel Maritime Invs., LP v. Sea Mar Mgmt., L.L.C.,*
    2014 WL 235441 (E.D. La. Jan. 22, 2014) ...............................................................9

*Baker v. Puckett,*
    2020 WL 5745812 (W.D. Tex. Aug. 13, 2020) .........................................................9

*Boyd's Bit Serv., Inc. v. Specialty Rental Tool & Supply, Inc.,*
    332 F. Supp. 2d 938 (W.D. La. 2004) .....................................................................11

*Carvelli v. Ocwen Fin. Corp.,*
    2018 WL 4941110 (S.D. Fla. Apr. 30, 2018) ..........................................................15

*Deoliveira v. Chevron USA, Inc.,*
    2009 WL 424157 (W.D. La. Feb. 17, 2009) ...........................................................11

*Fogel v. Wal-Mart de México SAB de CV,*
    2017 WL 751155 (S.D.N.Y. Feb. 27, 2017) ...........................................................15

*Jiangchen v. Rentech, Inc.,*
    2017 WL 10363990 (C.D. Cal. Nov. 20, 2017) ................................................15, 16

*Joubert v. C & C Techs., Inc.,*
    2005 WL 1830996 (W.D. La. Aug. 1, 2005) ..........................................................11

*Midwest Emp's Cas. Co., v. Williams,*
    161 F.3d 877 (5th Cir. 1998) ....................................................................................9

*Miller v. Home Depot U.S.A., Inc.,*
    95 F.3d 50, 1996 WL 457403 (5th Cir. July 15, 1996) .............................................9

*Muslow v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.,*
    2022 WL 3445716 (E.D. La. Aug. 17, 2022) .........................................................11

*Opelousas Hotel Grp. LLC v. DDG Constr. Inc.*,
   2023 WL 2732972 (W.D. La. Jan. 18, 2023) (Doughty, J.) ..........................................1, 10, 11

*Ortego v. Merial, LLC*,
   2011 WL 400383 (W.D. La. Feb. 2, 2011).................................................................................10

*Pratt Paper (LA), LLC v. JLM Advanced Tech. Serv's, Inc.*,
   2016 WL 5854235 (W.D. La. Oct.6, 2016) .................................................................................9

*S&W Enter., L.L.C. v. SouthTrust Bank of Ala., NA*,
   315 F.3d 533 (5th Cir. 2003) ......................................................................................................9

*Savoy v. St. Landry Parish Council*,
   2009 WL 3815762 (W.D. La. Nov. 13, 2009).............................................................................11

*Schaefer v. Peralta*,
   2017 WL 6055153 (E.D. La. Dec. 7, 2017)................................................................................10

*Sharma v. Amazon.com, Inc.*,
   2022 WL 18106359 (N.D. Tex. Mar. 4, 2022) ............................................................................9

*White v. Sterling Foods*,
   2021 WL 2828176 (W.D. Tex. July 7, 2021) ...............................................................................8

*Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*,
   2018 WL 1905734 (E.D. La. Apr. 20, 2018)..............................................................................10

**Rules**

Fed. R. Civ. P. 7 ................................................................................................................................12

Fed. R. Civ. P. 8 ............................................................................................................................6, 7

Fed. R. Civ. P. 12 ....................................................................................................................6, 7, 12

Fed. R. Evid. 201 .................................................................................................................. *passim*

Local Rule 7.8.................................................................................................................................3, 4

iii

**INTRODUCTION**

Plaintiffs' Motion to Strike is an exercise in overreach and should be denied.  Plaintiffs incorrectly construe the deadline for Defendants' *Motion to Dismiss* as a deadline for Defendants' separate *Judicial Notice Motion* and seek a draconian remedy—that the Judicial Notice Motion be stricken because it was filed **20 minutes** after that purported deadline.  Plaintiffs do not (nor could they) claim that they suffered any prejudice or that Defendants acted in bad faith.  Plaintiffs also offer no precedent for striking a judicial notice motion solely for being late, much less only **20 minutes** late.  In fact, this Court recently emphasized that it "has discretion to consider untimely motions," and declined to strike a brief filed **seven days** after the deadline on the ground that (like here) there was no prejudice.  *Opelousas Hotel Grp. LLC v. DDG Constr. Inc.*, 2023 WL 2732972, at *1 (W.D. La. Jan. 18, 2023) (Doughty, J.).

Remarkably, Plaintiffs' Motion to Strike does not disclose to this Court that the Judicial Notice Motion was filed at 12:19 am on April 27, and therefore—even by Plaintiffs' incorrect view of the deadline—was only 20 minutes late.  Plaintiffs instead coyly suggest it was a "day" late.  Plaintiffs also fail to mention that the Judicial Notice Motion was expressly filed pursuant to Rule 201 of the Federal Rules of Evidence, which provides no deadline for any request for judicial notice and requires only that an opposing party have a fair opportunity to be heard on whether judicial notice should be taken.  *See* Fed. R. Evid. 201(d)-(e).  On May 2, 2024, Plaintiffs—without mentioning their position that the Judicial Notice Motion was late—approached Defendants with a proposed schedule change that would give Plaintiffs **35 additional days** to respond to the Judicial Notice Motion.  Defendants agreed, and this Court approved that schedule change.  *See* ECF No. 44.  As a result, Plaintiffs had about **60 days** to respond to Defendants' Judicial Notice Motion, which was more than a fair opportunity to be heard.  It defies belief that Plaintiffs would burden

1

the Court with a motion to strike based on a claim they were entitled to 20 minutes beyond the almost **two months** they already had.

In addition to asking that the Judicial Notice Motion be stricken, Plaintiffs make two makeweight and equally meritless requests in their Motion to Strike. Plaintiffs argue that certain documents as to which Defendants seek judicial notice should be stricken, but that argument is just a repackaging of the arguments in Plaintiffs' Opposition to Defendants' Judicial Notice Motion (ECF No. 47) (the "Opposition") (concurrently filed with Plaintiffs' Motion to Strike). As will be shown in Defendants' reply in further support of their Judicial Notice Motion, due on August 9, 2024, Plaintiffs' Opposition is ill-founded and judicial notice is appropriate. Under Plaintiffs' logic, virtually every opposition to a judicial notice motion would be accompanied by a motion to strike, which would be an obvious waste of judicial resources.

Likewise baseless is Plaintiffs' request for the Court to strike Defendants' Appendices. Plaintiffs nonsensically contend that the Appendices constitute "argument" subject to the page limits of Defendants' Memorandum in Support of Their Motion to Dismiss (ECF No. 37-2; ECF No. 40) (the "Memorandum") because the Memorandum "cross-references and cites to the Appendices." ECF No. 46-1 at 7. Under Plaintiffs' logic, a party's memorandum of law could never refer to supporting multi-page exhibits or appendices because it would unavoidably result in a page-limit violation—and yet it is a commonplace practice in this Court and others to submit supporting materials and cross-reference them in a memorandum.

Similarly unavailing is Plaintiffs' argument that the "heading of each Appendix" reflects legal argument because these headings group the alleged misstatements from the First Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 35) ("CAC" or the "Complaint") into categories. *See* ECF No. 46-1 at 7. Appendices that simply reproduce

allegations from a complaint and organize them for the Court's convenience by legal argument do not thereby convert that material into legal argument.  Indeed, courts in securities cases like this routinely consider the sort of appendices that Defendants submitted here and have noted that they are helpful when a court faces a complaint containing a large number of alleged misstatements. *See infra* Part II.  Plaintiffs neglect to advise this Court of that relevant precedent, despite their counsel's experience in these types of cases.

For the foregoing reasons, Defendants respectfully submit that Plaintiffs' Motion to Strike—which Plaintiffs never should have brought—should be denied in its entirety.

## **BACKGROUND**

On April 26, 2024, in accordance with the Court's December 28, 2023 Scheduling Order (ECF No. 34), Defendants timely filed their Motion to Dismiss, along with 42 attachments—the Appendices, an accompanying declaration, and Exhibits 1-37 thereto.  *See* ECF Nos. 36 – 36-42. That lengthy electronic filing was completed by 11:53 pm.  *See* Ex. A (Notice of Electronic Filing of ECF No. 36).  Defendants then filed their motion for leave to file a memorandum in support of their Motion to Dismiss in excess of Local Rule 7.8's default page limitations, a proposed order, and their proposed pleading (Defendants' Memorandum in Support of Their Motion to Dismiss). *See* ECF Nos. 37 – 37-2.  That filing was completed by 11:56 pm.  *See* Ex. B (Notice of Electronic Filing of ECF No. 37).

Defendants turned next to their Judicial Notice Motion, which Defendants had finished preparing and was ready to be filed even though it did not have a specific due date.  Defendants began the process of filing their Judicial Notice Motion, along with a proposed order, supporting memorandum, and accompanying appendices (ECF Nos. 38 – 38-3), and completed the filing of these materials at 12:19 am (on April 27).  *See* Ex. C (Notice of Electronic Filing of ECF No. 38).

On April 30, 2024, the Court granted Defendants leave to file a memorandum in support of their Motion to Dismiss of not more than thirty-five pages (*see* ECF No. 39), and Defendants filed their Memorandum (ECF No. 40). On the same date, the Court issued a Notice of Motion Setting Without Date (ECF No. 42), pursuant to which Plaintiffs' Opposition to the Judicial Notice Motion was due May 21, 2024, and Defendants' reply was due seven days after Plaintiffs' Opposition.

Just two days later, on May 2, 2024, Plaintiffs—without mentioning their position that the Judicial Notice Motion had been filed late—approached Defendants with a proposed schedule change that would give Plaintiffs 35 additional days to respond to the Judicial Notice Motion. Defendants agreed, and this Court approved that schedule change on May 15, 2024. *See* ECF Nos. 43-44. As a result, Plaintiffs had a total of about 60 days to respond to Defendants' Judicial Notice Motion.

On June 25, 2024, Plaintiffs made a number of filings. *First*, pursuant to the Court's December Scheduling Order, Plaintiffs filed their motion for leave to file a memorandum in opposition to Defendants' Motion to Dismiss in excess of Local Rule 7.8's default page limitations, a proposed order, and their proposed pleading. *See* ECF Nos. 45 – 45-2.

*Second*, on the same day, pursuant to the Court's May Scheduling Order, Plaintiffs filed their Opposition to Defendants' Judicial Notice Motion. *See* ECF No. 47. On June 26, 2024, Plaintiffs were issued a notice of deficiency for failure to comply with Local Rule 7.8. *See* ECF No. 49. Later that day (*i.e.*, after the already-extended deadline for their Opposition under the May Scheduling Order), Plaintiffs filed their corrected Opposition (ECF No. 50).

*Third*, on June 25, 2024, Plaintiffs also filed their Motion to Strike—even though, as noted above, Plaintiffs said nothing to Defendants about such a motion or Plaintiffs' untimeliness

4

argument when Plaintiffs approached Defendants on May 2, 2024 with a proposed schedule change that would give Plaintiffs 35 additional days to respond to the Judicial Notice Motion. Plaintiffs likely understood that if they had revealed their untimeliness argument and intention to file a motion to strike when asking for an extension, Defendants would have taken the position that Plaintiffs should meet the Court's original May 21, 2024 deadline.

Plaintiffs' Motion to Strike principally argues that Defendants' Judicial Notice Motion should be stricken in its entirety just because it was filed on April 27 (at 12:19 am, as explained above), whereas Plaintiffs' position is that it should have been filed before midnight on April 26. By their Motion to Strike, Plaintiffs also seek to strike (i) certain exhibits that are the subject of Defendants' Judicial Notice Motion, and (ii) the Appendices that were filed with Defendants' Motion to Dismiss.  Plaintiffs claim that the material in the Appendices constitutes "legal argument" subject to the page limits of Defendants' Memorandum, and that the Appendices therefore exceed those page limits.

## **ARGUMENT**

**I.     Defendants' Judicial Notice Motion And The Exhibits Addressed Therein Are Properly Before The Court.**

**A.     Defendants' Judicial Notice Motion was timely.**

Plaintiffs contend that Defendants' Judicial Notice Motion was filed late because: (i) the Court entered the December Scheduling Order providing that "Defendants shall file any motion [to] dismiss, or otherwise respond to, the Amended Complaint by April 26, 2024"; (ii) this necessarily meant (according to Plaintiffs) that the Judicial Notice Motion was also due on April 26, 2024, because it was related to the Defendants' Motion to Dismiss and purportedly "responded" to the Complaint; and (iii) Defendants filed their Judicial Notice Motion late because

5

instead of filing it on April 26, they filed it 20 minutes later at 12:19 am on April 27.  *See* Ex. C. Plaintiffs argue that because the Judicial Notice Motion was late-filed, the Court should strike it.

Plaintiffs' argument conflicts with the plain meaning of the December Scheduling Order, Rules 8 and 12 of the Federal Rules of Civil Procedure ("FRCP"), and Rule 201 of the Federal Rules of Evidence ("FRE").

The December Scheduling Order is silent on the timing of any motion for judicial notice. It only addresses Plaintiffs' Complaint and Defendants' response to it, and all the Order required Defendants to do by April 26, 2024 was "file any motion [to] dismiss, *or* otherwise respond to" the Complaint.  ECF No. 34 at 2 (emphasis added).  Defendants fully complied with the Order by filing, at 11:53 pm on April 26, 2024, their Motion to Dismiss.  *See* Ex. A.

Plaintiffs suggest that the Judicial Notice Motion was subject to the same deadline because it was closely related to the Motion to Dismiss, but the December Scheduling Order provides no support for that argument.  The Motion to Dismiss is the only motion that Order references besides Plaintiffs' Complaint.  The Order does not expressly mention any separate motion related to or associated with the Motion to Dismiss.  *See* ECF No. 34 at 2.  It clearly is a reasonable reading— if not the only permissible reading—of the Order that it only required a Motion to Dismiss, and not any related Judicial Notice Motion, be filed by April 26, 2024.

Plaintiffs also appear to suggest, in the alternative, that the Judicial Notice Motion was due on April 26 because it "respond[ed] to" the Complaint.  ECF No. 46-1 at 2, 5-6.  But it did not. The December Scheduling Order provides, in the disjunctive, that the Defendants must do one of two things by April 26, 2024: either file a motion to dismiss "*or* otherwise respond to the Complaint."  ECF No. 34 at 2 (emphasis added).  Once Defendants filed their Motion to Dismiss, they were in full compliance with that disjunctive requirement and did not have to "otherwise

6

respond" to the Complaint by that same date.

Even more fundamentally, Plaintiffs' argument is specious because it falsely assumes that a judicial notice motion "responds to" a complaint (and therefore is due by the "response" deadline). It does not. Under FRCP 8 and 12, which govern pleadings and responses thereto, a defendant served with a complaint can "respond" in one of only two ways: file a pre-answer motion pursuant to FRCP 12 or file an answer. Nothing in those rules suggests that a judicial notice motion is deemed to "respond to" a complaint or other pleading and, in point of fact, Defendants' Judicial Notice Motion on its face specifies that it is brought pursuant to FRE 201 and does not mention the Federal Rules of Civil Procedure. *See* ECF No. 38 at 1; ECF No. 38-2 at 1, 4.

FRE 201 does not specify a deadline for the filing of a judicial notice motion. FRE 201 does not even require a motion be filed, or even that a request be made in any form—a court can *sua sponte* consider taking judicial notice, although it is generally requested by a party in some manner. *See* Fed. R. Evid. 201(c). The Local Rules of this Court likewise do not require a party to seek judicial notice by motion; indeed, the Local Rules make no mention of judicial notice. And under FRE 201, even notice to the opposing party is not required, although it is typically furnished.[1] FRE 201(c)(2) further provides that the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). As noted, FRE 201 does not specify that such "request" must be in the form of a motion.

In sum, it is patently overreaching for Plaintiffs to contend that a motion fully compliant with FRE 201 and not expressly referenced in this Court's December Scheduling Order

---

[1] *See* Fed. R. Evid. 201 Advisory Committee's Note to 1972 Proposed Rules, Subdivision (e) ("No formal scheme of giving notice is provided. An adversely affected party may learn in advance that judicial notice is in contemplation . . . by virtue of being served with a copy of a request by another party . . . . Or he may have no advance notice at all.").

nonetheless should be deemed subject to a deadline in that Order for a different motion—and should be stricken just because it was filed 20 minutes after that deadline. Not surprisingly, Plaintiffs offer no direct case support for their position. Indeed, their Motion to Strike does not identify any case, within or outside this circuit (i) in which a court construed a deadline for a defendant to "make a motion to dismiss, or otherwise respond to" the complaint as applying to a judicial notice motion, or (ii) in which a court struck a judicial notice motion solely on the basis of its supposed lateness.

Plaintiffs' Motion to Strike refers to only one case in which they suggest the court granted a motion to strike a judicial notice motion solely on the grounds that it was late-filed. ECF No. 46-1 at 5 (citing *White v. Sterling Foods*, 2021 WL 2828176, at \*3 (W.D. Tex. July 7, 2021). But a careful reading of that case reveals that it is inapposite. In that case, a *pro se* plaintiff filed a document styled "Judicial Notice, Sterling Food's Illegal Tactics and Suppression of Evidence." *White*, 2021 WL 2828176, at \*3. The court examined that filing and concluded that it was akin to a summary judgment submission, noting its similarity to the defendant's own motion for summary judgment and observing that it "addresses the substance of Plaintiff's claims and accuses Defendant of suppressing evidence." *Id.* The court went on to point out that the plaintiff's submission was made more than **one month** after the court's final deadline for the plaintiff to file a response to the defendant's motion for summary judgment, and more than **six months** after the close of discovery. *See id.* On that basis, and given the submission's similarity to a substantive summary judgment filing, the court struck the plaintiff's submission, declaring that it would "not consider the filing in ruling on Defendant's summary judgment motion." *Id.*

The submission at issue in *White* was not a *bona fide* FRE 201 judicial notice motion. As such, *White* hardly illustrates or supports Plaintiffs' contention that judicial notice motions can be

8

stricken purely on timeliness grounds.  It speaks volumes about Plaintiffs' Motion to Strike that the only case they could find involving the striking of a supposed judicial notice motion involves facts and circumstances that are worlds apart from this case.[2]

> **B.    Even if the Judicial Notice Motion had been late, striking it would be unwarranted because Plaintiffs claim no prejudice.**

Plaintiffs do not claim (nor could they credibly) that they suffered any prejudice as a result of the fact that Defendants filed the Judicial Notice Motion 19 minutes after midnight, on April 27, instead of by 11:59 pm on April 26, even if that meant the Judicial Notice Motion was late-filed (which it was not).  Plaintiffs' Motion to Strike can be denied on this ground alone.[3]

Plaintiffs fail to cite a single case from any federal court in Louisiana in which a court struck a motion or other filing because it was filed late by a *de minimis* amount of time.  Putting

---

[2] All of Plaintiffs' cases are inapposite not only because they do not involve judicial notice motions brought under FRE 201, but also because they do not involve deadlines missed by a *de minimis* amount of time, and the cases also generally involve other circumstances not present here.  *See, e.g.*, *S&W Enter., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (denying plaintiff's motion for leave to file amended pleading more than three months after the deadline); *Midwest Emp's Cas. Co., v. Williams*, 161 F.3d 877, 879-80 (5th Cir. 1998) (notice of appeal filed several days late rejected because lawyer's misreading of an unambiguous Federal Rule of Appellate Procedure deemed inexcusable); *Miller v. Home Depot U.S.A., Inc.*, 95 F.3d 50, 1996 WL 457403, at *3 (5th Cir. July 15, 1996) (plaintiff's affidavits in opposition to defendant's motion for summary judgment filed after initial ruling on summary judgment motion); *Atel Maritime Invs., LP v. Sea Mar Mgmt., L.L.C.*, 2014 WL 235441, at *6, *11 (E.D. La. Jan. 22, 2014) (declining to extend deadline to file motion for attorneys' fees sixteen days after deadline lapsed); *Sharma v. Amazon.com, Inc.*, 2022 WL 18106359, at *1 (N.D. Tex. Mar. 4, 2022) (denying plaintiff's motion for leave to amend complaint almost four months after deadline to amend pleadings and almost two months after the discovery deadline); *Baker v. Puckett*, 2020 WL 5745812, at *4 (W.D. Tex. Aug. 13, 2020) (affidavits in support of summary judgment filed "after the filing of (and not in conjunction with) [plaintiff's] summary judgment motion and also after the filing of Defendants' response"); *Pratt Paper (LA), LLC v. JLM Advanced Tech. Serv's, Inc.*, 2016 WL 5854235, at *2 (W.D. La. Oct.6, 2016) (rejecting motion to file partial summary judgment motion on multiple grounds, including that the motion was filed long after the deadline).

[3] *See, e.g.*, *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (motions to strike are generally disfavored and should "not be granted 'in the absence of a showing of prejudice to the moving party'") (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004)).

9

aside the *de minimis* amount of time at issue here, Plaintiffs appear to have overlooked that this Court recently issued a ruling strongly indicating that late motions should not be stricken without a showing of prejudice. In *Opelousas Hotel*, this Court emphasized that "the Court has discretion to consider untimely motions," and went on to deny a motion to strike a brief that was filed **seven days after** the deadline set by the Court, on the ground that the movant would "not be prejudiced by the seven-day delay" in the filing. 2023 WL 2732972, at \*1. The Court did not consider any factor other than the absence of prejudice. Here, Plaintiffs do not even claim to have been prejudiced by the purported 20-minute lateness of the Judicial Notice Motion.

This Court's *Opelousas Hotel* decision is in keeping with a long line of federal Louisiana cases in which late filings—even filings late by days, or even a week or more—have been permitted in the interest of fairness, where the opposing party has suffered no prejudice. *See, e.g.*, *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 2018 WL 1905734, at \*2-3 (E.D. La. Apr. 20, 2018) (declining to strike plaintiff's motion for summary judgment filed one week after the court's deadline for non-evidentiary pretrial motions because defendant failed to explain how it was prejudiced by this one-week delay); *Schaefer v. Peralta*, 2017 WL 6055153, at \*2 (E.D. La. Dec. 7, 2017) (denying defendants' motion to strike plaintiff's opposition to defendants' motions to dismiss that was filed one day late because "the Court has broad discretion to extend filing deadlines and accept late-filed motion papers" and "Defendants do not assert, and the Court does not discern, any prejudice from the short delay"); *Ortego v. Merial, LLC*, 2011 WL 400383, at \*1 (W.D. La. Feb. 2, 2011) (denying defendant's motion to strike because, while "plaintiff's opposition was . . . late by a few days, the tardiness was not due to bad faith conduct on the part of plaintiff or his counsel," "[t]here is no evidence offered or suggested that the defendant was prejudiced by the delay," and, "[o]n the contrary, the defendant was able to submit a reply brief in

response to the opposition which was considered by the court").[4]

Defendants are mindful that the decision whether to grant Plaintiffs' Motion to Strike lies entirely within this Court's discretion. That said, Defendants respectfully submit that in the circumstances here, the Motion to Strike should be rejected out of hand because—quite apart from the fact that Defendants did not violate a Court-ordered deadline—the Motion to Strike simply cannot be reconciled with this Court's ruling in *Opelousas Hotel* and the large body of case law from the Louisiana federal courts consistent with that ruling.

> **C.** **Plaintiffs' request to strike certain of the documents addressed in the Judicial Notice Motion is inapposite.**

Plaintiffs' Motion to Strike appears to suggest—seemingly as an independent basis for their requested relief—that the Court should "strike" the exhibits "that are not subject to judicial notice and all arguments based on them." ECF No. 46-1 at 5-6. However, Plaintiffs do not oppose the Court's consideration of 15 exhibits (Exhibits Nos. 3-8, 23, 25-31, and 37), each of which Plaintiffs concede "was referenced in the Complaint" and, accordingly, may be considered by the Court without resort to judicial notice. *See* ECF No. 50 at 3-4. Defendants submit that four additional exhibits (Exhibit Nos. 1, 14-15, and 22) are also properly considered under these standards. *See* ECF No. 38-2 at 5-6; *see also* ECF No. 36-2 at 1-2, 5-7 (¶¶ 3, 16-17, 24) (identifying Exhibit Nos. 1, 14-15, and 22, and setting forth, with citations to the Complaint, how the Complaint incorporates

---

[4] *See also, e.g.*, *Deoliveira v. Chevron USA, Inc.*, 2009 WL 424157, at 1 n.1(W.D. La. Feb. 17, 2009) (denying a motion to strike, and considering an opposition to summary judgment that was untimely); *Savoy v. St. Landry Parish Council*, 2009 WL 3815762, at *3 (W.D. La. Nov. 13, 2009) (denying a motion to strike, and agreeing to consider an opposition memorandum filed 20 days after it was due); *Joubert v. C & C Techs., Inc.*, 2005 WL 1830996, at *1 n.1 (W.D. La. Aug. 1, 2005) (denying motion to strike untimely memorandum in opposition); *Muslow v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 2022 WL 3445716, at *1 n.6 (E.D. La. Aug. 17, 2022) (denying motion to strike defendant's opposition to motions for reconsideration filed one day late); *Boyd's Bit Serv., Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F. Supp. 2d 938, 944 (W.D. La. 2004) (declining to strike defendant's motion because plaintiff "will not be prejudiced by defendant's alleged violation of the local rules.").

each by reference by including quotations and paraphrased excerpts therefrom). Because the Court may properly consider these 19 exhibits without making any judicial notice finding, Plaintiffs' arguments as to the alleged untimeliness of Defendants' Judicial Notice Motion are inapposite as to these exhibits and—even on Plaintiffs' own terms—Plaintiffs' request to "strike" does not encompass those exhibits.

Even as to those exhibits that Plaintiffs contend "are not subject to judicial notice," Plaintiffs are wrong to suggest that the propriety of whether an exhibit is subject to judicial notice provides an independent ground to strike. *First*, this argument is an improper attempt to circumvent the parties' separate briefing on Defendants' Judicial Notice Motion (and, if Defendants were to borrow Plaintiffs' own logic, arguably further represents an improper attempt to circumvent the page limits or provide additional argument that Plaintiffs did not include in their Opposition). *Second*, at least some courts that have considered the issue have held that a motion to strike exhibits submitted in support of a motion to dismiss "is procedurally improper" because FRCP 12(f) "cannot be used to strike material from a motion." *See, e.g.*, *In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 238 (S.D.N.Y. 2023). While FRCP 12(f) may allow a court to strike material from a "pleading," FRCP 7 excludes motions from the definition of pleadings, and FRCP 12(f) thus "does not allow . . . for the Court to strike certain materials submitted in support of a motion to dismiss." *In re AppHarvest*, 684 F. Supp. 3d at 238; *see also* Fed. R. Civ. P. 7, 12(f). This Court also possesses inherent power to strike materials in appropriate circumstances, but Defendants respectfully submit that the circumstances here do not come close to warranting the exercise of that discretionary power.

## II.    Defendants' Appendices Do Not Violate The Court's Page-Limit Requirements.

Plaintiffs' request to strike the Appendices that Defendants submitted with their Motion to Dismiss—premised on Plaintiffs' assertion that the Appendices "contain twelve pages of

12

arguments" (ECF No. 46 at 1)— is entirely baseless.  The Appendices, which are **in total** twelve pages long, reproduce extensive verbatim allegations from the Complaint—and Plaintiffs' allegations obviously do not amount to "arguments" by Defendants that must go in Defendants' Memorandum.  Remarkably, Plaintiffs contend that the Appendices in their entirety constitute "argument" on the ground that the Memorandum "cross-references and cites to the Appendices." ECF No. 46-1 at 7.  But it is nonsensical to suggest that cross-referencing appendices or exhibits converts them into "argument" subject to a brief's page limits.  It is commonplace for appendices and/or exhibits to be submitted with a brief, and for the brief to reference them.  Indeed, there is little point in submitting an exhibit or appendix if it cannot be referenced in the accompanying brief.  Under Plaintiffs' logic, the universal practice of submitting appendices and exhibits in support of a motion would cease to exist.

Plaintiffs make a further, similarly defective argument—that the "headings" of the Appendices amount to legal argument because they "group" the alleged misstatements in the Complaint "by legal arguments" raised in Defendants' Memorandum.  *See* ECF No. 46-1 at 7. Appendices that simply reproduce allegations from the complaint and organize them for the Court's convenience by legal argument do not thereby convert all that material into legal argument that belongs in a memorandum.  Defendants could have, in the alternative, inserted into their Memorandum a one-sentence "key" that identified, by row or paragraph number, the Complaint's allegations corresponding to each legal argument.  Plaintiffs' suggestion that they are prejudiced because Defendants instead elected to convey the equivalent information to the Court by grouping the allegations in the Appendices by legal argument is specious.  Moreover, the headings themselves just occupy a handful of lines, and even if they amounted to legal argument (which

they do not), the number of lines at issue—and therefore any possible prejudice to Plaintiffs—is *de minimis*.

Likely in light of considerations like these, among others, courts routinely have allowed the sort of appendices that Defendants submitted here.  For example, in *In re PTC Therapeutics, Inc. Securities Litigation*, the district court declined to strike the defendants' 16-page summary chart organizing portions of the alleged misstatements from the plaintiffs' securities class action complaint (which the plaintiffs alleged "effectively augmented the size of [the defendants'] brief by attaching the chart") because the plaintiffs did not argue that they were "prejudiced in any way by the chart" and the court could not discern prejudice, either, because "[t]he chart does nothing more than organize portions of the [Amended Complaint] (reprinted verbatim) and refer to arguments already raised in the papers."  2017 WL 3705801 at *3 n.5 (D.N.J. Aug. 28, 2017).  District courts in this Circuit and others have likewise not only allowed such summary charts, but also specifically lauded the utility of such charts as helpful, easy-to-use organizational tools.  For example, in *Edwards v. McDermott International, Inc.*, the district court overruled the plaintiff's objections to an appendix attached to the defendants' motion to dismiss, which the court described as "an extremely helpful Appendix, listing, in one convenient place, each allegedly fraudulent statement made by Defendants."  2022 WL 3927828, at *5 (S.D. Tex. Aug. 30, 2022).  Just a couple months ago, in *Studen v. Funko, Inc.*, the district court likewise declined to strike an appendix that the defendants had attached to their motion to dismiss a securities class action complaint.  2024 WL 2209686, at *6 (W.D. Wash. May 16, 2024).  The appendix in that case (1) identified the "allegedly fraudulent statements at issue," (2) included "additional text 'denot[ing] surrounding context'" that had been "omitted from" the plaintiffs' complaint, and (3) cited to the defendants' "arguments, as set forth in their motion to dismiss, with respect to each

14

challenged statement." *Id.* (citation omitted).  In declining to strike the appendix, the court rejected the plaintiffs' argument that the appendix was "argumentative and an improper attempt to bypass applicable word limits," and instead "agree[d] with Defendants that [the appendix] comprises 'organizational work that the Court would otherwise have to take upon itself.'"  *Id.* (citation omitted).[5]  Consistent with this precedent, Lumen submitted similar helpful appendices to this Court—without objection or any motion to strike—in connection with its pending motion to dismiss in *Lumen I*.  *See* Appendices, *In re Lumen Techs., Inc. Sec. Litig.*, No. 3:23-cv-00286 (W.D. La. Oct. 13, 2023), ECF No. 59-1.

Plaintiffs' cases do not compel a contrary result here.  Indeed, only two of Plaintiffs' cases even involve a motion to strike an appendix of alleged misrepresentations attached to a motion to dismiss claims under the federal securities laws: *In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686 (S.D. Cal. June 1, 2020), and *Jiangchen v. Rentech, Inc.*, 2017 WL 10363990 (C.D. Cal. Nov. 20, 2017).  *See* ECF No. 46-1 at 7-8.  Both cases, however, are from district courts in California and stem from the same idiosyncratic local rule prohibiting appendices from including "any matters which properly belong in the body of the memorandum of points and authorities."

---

[5] *See also, e.g.*, *In re Apache Corp.*, 2022 WL 4277350, at *3 n.1 (S.D. Tex. Sept. 15, 2022) ("The Consolidated Class Action Complaint describes the alleged misstatements in great detail.  For convenience, Defendants put together an Appendix identifying in one, easy-to-use chart, each alleged misrepresentation made by Defendants."); *Carvelli v. Ocwen Fin. Corp.*, 2018 WL 4941110, at *4-6 & n.2 (S.D. Fla. Apr. 30, 2018) ("rely[ing] on Defendants' exhibits which categorize the statements in Plaintiff's Complaint"); *Fogel v. Wal-Mart de México SAB de CV*, 2017 WL 751155, at *18 (S.D.N.Y. Feb. 27, 2017) (denying the plaintiff's motion to strike three appendices attached to the defendants' motion to dismiss, concluding "the Court does not find that Defendants' appendices were attached in an attempt to skirt the Court's order [imposing briefing-length limits], but rather credits Defendants' argument that their appendices were intended to serve as mere organizational tools").  Notably, the plaintiffs in at least two of these cases (*In re Apache* and *Carvelli v. Ocwen*), were represented by attorneys from Pomerantz, LLP, the same law firm as Plaintiffs' counsel in this action.

*Jiangchen*, 2017 WL 10363990, at \*2, \*4 (quoting C.D. Cal. Local Rule 11-7).[6]  This Court, of course, has no such similar rule.  And, in any event, the complaints in those cases were far shorter—and contained far fewer paragraphs and alleged misstatements—than Plaintiffs' Complaint.  *Compare* Ex. D (Compl., *In re Acadia*, No. 3:18-cv-01647 (S.D. Cal. July 19, 2018), ECF No. 1) (45 pages total, consisting of 87 paragraphs), *and* Ex. E (Compl., *Jiangchen*, No. 2:17-cv-01490 (C.D. Cal. Feb. 23, 2017), ECF No. 1) (25 pages total, consisting of 40 paragraphs), *with* CAC (165 pages total, consisting of 450 paragraphs).  The utility of summary charts like those attached as Appendices to Defendants' Motion to Dismiss cannot be denied given the voluminous nature of Plaintiffs' own pleading, and Plaintiffs' case law to the contrary is readily distinguishable.

## CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that Plaintiffs' Motion to Strike be denied.

---

[6] While the Southern District of California does not have an analogous rule, the court in *In re Acadia* relied almost entirely upon the prior decision in *Jiangchen*.  *See In re Acadia*, 2020 WL 2838686, at \*3 ("While the Court does appreciate charts to simplify complex arguments, Defendants utilized this chart to identify 108 statements encompassing 38 paragraphs of the complaint in a 25-page chart.  This is simply an extension of Defendants' argument and thus, Defendants' have exceeded the 25-page limit for their briefs.") (citing *Jiangchen*, 2017 WL 10363990, at \*4).

Respectfully submitted,

/s/ Claire Elizabeth Juneau

Claire Elizabeth Juneau (#33209)
**KEAN MILLER LLP**
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, LA 70112
(504) 585-3050
claire.juneau@keanmiller.com

Mallory Tosch Brennan (*pro hac vice*)
**ALLEN OVERY SHEARMAN
STERLING US LLP**
800 Capitol Street, Suite 2200
Houston, TX 77002
(713) 354-4900
mallory.brennan@aoshearman.com

Lyle Roberts (*pro hac vice*)
**ALLEN OVERY SHEARMAN
STERLING US LLP**
401 9th Street NW
Washington, DC 20004
(202) 508-8108
lyle.roberts@aoshearman.com

*Counsel for Defendants Lumen
Technologies, Inc., Kate Johnson, Chris
Stansbury, Jeffrey K. Storey, and Indraneel
Dev*

Dated: July 17, 2024

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2024, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ *Claire Elizabeth Juneau*