# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2026

Lyle W. Cayce
Clerk

No. 25-30264

JOHN MCLEMORE, *Individually & on Behalf of All Others Similarly Situated*; CHRISTINE GLAUBER, *Lead Plaintiff*,

*Plaintiffs—Appellants*,

*versus*

LUMEN TECHNOLOGIES, INC., *formerly known as* CENTURYLINK INC; KATE JOHNSON; CHRIS STANSBURY; JEFFREY K. STOREY; INDRANEEL DEV,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CV-1290

## JUDGMENT

Before ELROD, *Chief Judge,* SMITH, and WILSON, *Circuit Judges.*

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is REVERSED solely with respect to the issue of prejudice and a judgment of dismissal without prejudice is RENDERED.

No. 25-30264

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See FED. R. APP. P. 41(B). The court may shorten or extend the time by order. See 5TH CIR. R. 41 I.O.P.

**Certified as a true copy and issued
as the mandate on Mar 09, 2026**

**Attest:** *Jyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

2

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2026

Lyle W. Cayce
Clerk

_____

No. 25-30264

_____

JOHN MCLEMORE,
*Individually & on Behalf of All Others Similarly Situated*;
CHRISTINE GLAUBER, *Lead Plaintiff*,

*Plaintiffs—Appellants*,

*versus*

LUMEN TECHNOLOGIES, INC.,
*formerly known as* CENTURYLINK INC; KATE JOHNSON;
CHRIS STANSBURY; JEFFREY K. STOREY; INDRANEEL DEV,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CV-1290

_____

Before ELROD, *Chief Judge*, and SMITH and WILSON, *Circuit Judges*.

JERRY E. SMITH, *Circuit Judge*:*

Class action plaintiffs sued Lumen Technologies, Inc., and several individual corporate executives thereof for securities fraud in the wake of adverse news coverage, disclosures by corporate executives, and a tumble in

_____

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 25-30264

stock price. The district court adopted the magistrate judge's recommendation in full, granting defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the claims with prejudice. The plaintiffs appeal.

The district court provided no analysis supporting dismissal with prejudice, contrary to the standard practice of dismissing without prejudice or liberally allowing amendments unless pleadings exhibit major defects that would make amendments futile and a waste of judicial resources. We accordingly reverse with respect to the prejudice only and render a judgment of dismissal without prejudice.

I.

John McLemore and Christine Glauber ("plaintiffs") are the named and lead plaintiffs in this securities class action against Lumen Technologies, Inc. ("Lumen") and several of its corporate executives (the "individual defendants") alleging that Lumen had fraudulently concealed its failure to remedy old lead-sheathed telephone cables while upgrading to a modern fiber-optic system. Lumen is a publicly traded telecommunications corporation. Since its founding in 1968, the company has grown largely through acquisitions, including companies that had acquired wireline assets from regional telephone companies formed after AT&T broke up the "Bell System" in 1984, assets that included legacy copper cables sheathed in lead casings. In 2020, the company changed its name from CenturyLink, Inc., to Lumen.

Since a high of $41.25 per share on September 8, 2014, the ten-year trajectory of Lumen's stock price has been anything but luminous, falling gradually to bottom out at $0.98 per share on November 1, 2023. But shareholders have fought with two class action securities fraud cases: In March 2023, affected shareholders launched a first lawsuit, which was dismissed under Rule 12(b)(6) a year later.

2

No. 25-30264

Then, on September 15, 2023, McLemore filed the instant suit for compensatory damages against Lumen and the individual defendants, alleging that they were liable under the federal securities laws because they had made various statements that were misleading by failing to disclose that Lumen faced significant potential civil and regulatory liability from its legacy lead-sheathed copper cables. McLemore sued on his own behalf and on behalf of the class of all shareholders who had purchased or acquired Lumen securities between November 8, 2018, and October 31, 2023, for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a) and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240. The magistrate judge appointed Michael Glauber as lead plaintiff, whereupon Glauber and McLemore filed a first amended complaint alleging violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5.[1]

At issue are an alleged $1 billion in damages arising from five categories of Lumen's alleged misstatements during the class period from 2018 to 2023 regarding the use and retirement of telecommunications cables sheathed in a government-regulated toxic material. Plaintiffs allege that the stock price was fraudulently inflated by Lumen's failure to disclose the existence of approximately 35,000 miles of lead sheathing in its copper network, about 5% of their coverage. Plaintiffs aver that Lumen and its executives made a series of material omissions by neglecting to discuss the existence of these environmental and health or workplace safety risks, which led to a corrective-disclosure event through a Wall Street Journal investigatory report exposing the dangers posed by legacy lead-sheathed copper telephone

_____

[1] On March 21, 2025, Christine Glauber was substituted as lead plaintiff following the death of Michael Glauber. The class period running until October 31, 2023, reflects the timeline of the First Amended Complaint, updated on February 26, 2024.

3

No. 25-30264

cables owned by AT&T.  Following that news story, Lumen's executives quickly admitted that their own network contained large amounts of unabated lead.

In 2024, defendants filed the instant motion to dismiss for failure to state a claim upon which relief can be granted and related motions to take judicial notice of certain documents for purposes of the motion to dismiss. Plaintiffs filed opposing motions on judicial notice and separately filed their opposition to defendants' motion to dismiss.

In March 2025, the magistrate judge issued a 93-page Report and Rec-ommendation (the "Magistrate Report") recommending that the motion to dismiss be granted and that all claims be dismissed with prejudice.  The magistrate judge considered and evaluated the five categories of false statements, finding that they did not add up to material falsehoods or misleading omissions, and that plaintiffs did not plausibly plead scienter for fraud under the heightened standards of the Private Securities Litigation Reform Act of 1995.[2]  Plaintiffs filed their objections, seeking leave to amend the first amended complaint.  The district court adopted the Magistrate Report and entered a final judgment dismissing with prejudice all claims asserted in the first amended complaint.

While plaintiffs raise several issues alleging error in the ruling that plaintiffs failed to state a claim under Section 10(b), we do not decide the disputed fact issues related to industry practice, nor do we rule on the plausi-

---

[2] 15 U.S.C. § 78u-4(b); *see Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 532–33 (5th Cir. 2008) ("[T]he PSLRA enhanced the particularity re-quirements for pleading fraud . . . in two ways. First, plaintiffs must 'specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is mis-leading' . . . Second, for 'each act or omission alleged' to have been false or misleading, plaintiffs must 'state with particularity facts giving rise to a strong inference that the defen-dant acted with the required state of mind.") (quoting 15 U.S.C. § 78u-4(b)(1)(B), (2)).

4

No. 25-30264

bility of the thinly pleaded allegations of the first amended complaint. Instead, we address only whether the district court exceeded its discretion in dismissing with prejudice. The answer is yes.

## II.

The decision to dismiss with or without prejudice is reviewed for abuse of discretion. *Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668 (5th Cir. 2025). A dismissal with prejudice procedurally prevents a party from seeking leave to amend, which motion would itself be reviewable for an abuse of discretion. *Spivey v. Chitimacha Tribe*, 79 F.4th 444, 446 (5th Cir. 2023). Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be "freely" given "when justice so requires," which standard "evinces a bias in favor of granting leave to amend."[3]

Plaintiffs urge that an initial dismissal for failure to state a claim should be without prejudice "unless it is clear that the defects are incurable." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). They urge that district courts should "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case" for good. *Id.*

Plaintiffs also maintain that dismissal with prejudice was an abuse of discretion for three reasons. First, they contend that the pleading defects are curable, since they stem at most from a lack of sufficient facts. On this, plaintiffs add that much of the district court's reasoning depended on its premise that Lumen reasonably believed retiring the lead cables in place was safe. Plaintiffs posit that they can overcome the defect by supplying further facts

---

[3] Quoting *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018); *see also Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 394 (5th Cir. 2024) (emphasizing that "district courts must entertain a presumption in favor of granting parties leave to amend").

5

No. 25-30264

showing it was unreasonable to hold that view at that time—though we do not evaluate now either the district court's inadequately expressed reasoning as to the reasonableness of Lumen's belief or plaintiffs' ability, if any, to supply additional facts. Second, plaintiffs reason that the heightened pleading requirements of the PSLRA suggest they should be given an opportunity to cure, given that this was the first time the district court had passed on the sufficiency of their allegations. Third, they say that the district court provided no explanation for denying plaintiffs' request to dismiss without prejudice and urging that "a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal." *N. Cypress*, 898 F.3d at 478.

The plaintiffs' third rationale is their strongest: Neither the magistrate judge nor the district court addressed any of the legal requirements for dismissing a once-amended civil complaint with prejudice. They do not, for example, explain that the facts are so infirm as to make any attempts at cure futile. That apparently unexplained move has all the appearances of an abuse of discretion, on which this court can narrowly rule without wading into disputed fact issues that are best resolved by the district court in the first instance, whether at the motion to dismiss stage or later.[4] Indeed, whether it was right or wrong, that unexplained move by the district court departs from standard procedure and risks denying plaintiffs substantial justice through access to any possible lawful civil recovery.

In response, where defendants now attempt to supply a rationale to the dismissal with prejudice, "it would have been abundantly clear to the district court that plaintiffs had already pleaded their best case," that argument

---

[4] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that declining leave to amend "without any justifying reason" is "not an exercise of discretion" but "an abuse of that discretion.").

6

No. 25-30264

is unpersuasive because it needed to come from the court at the time instead of from one of the parties months later in its brief on appeal.[5]

In sum, we see no support, for a dismissal with prejudice, raised by the magistrate judge or the district court or in defendants' responses. We acknowledge that the magistrate judge and district court did a thorough job, but we express no view on the ultimate merits. We therefore REVERSE solely with respect to the issue of prejudice and RENDER a judgment of dismissal without prejudice.

---

[5] Relatedly, where defendants urge that plaintiffs may not seek leave to amend because they have forfeited the issue by not raising it to the magistrate judge before their objections to the report, we observe only that the district court offered no analysis on waiver, and we decline to find forfeiture.

## United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

March 09, 2026

Mr. Daniel J. McCoy
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

     No. 25-30264   McLemore v. Lumen Technologies
                 USDC No. 3:23-CV-1290

Dear Mr. McCoy,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

          Sincerely,

          LYLE W. CAYCE, Clerk

          By: _____
          Rebecca L. Leto, Deputy Clerk
          504-310-7703

cc:  Mr. George E. Anhang
      Mr. Justin David D'Aloia
      Ms. Claire Elizabeth Juneau
      Mr. Eric J. O'Bell
      Mr. Lyle Roberts
      Ms. Katherine Mallory Tosch